## IN THE UNITED STATE DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **CHANTELLE MARIA MARLER, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILD, H.L.M.** | § § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. _____ (JURY DEMANDED)** |
| **VS.** | § § § | |
| **SHERIFF MARK WOOD, RPSO DEPS. JOHN/JANE DOES 1-10, UNKNOWN MEDICAL SERVICE PROVIDER, MEDICAL STAFF MEMBERS JOHN/JANE DOES 11-20** | § § § § § § § | |
| **Defendants.** | § | |

## COMPLAINT

1.      This action is filed as a result of the death of Jason Darren Marler, the husband of Plaintiff and father of Plaintiff's child, and cherished member of his family, who died from a drug overdose while in the custody of defendant, Sheriff Mark Wood at the Rapides Parish Detention Center. Although at the time of his passing Mr. Marler had not yet been afforded a trial of his charges, both he and his family expected that the Defendants would keep him safe while he was in custody. Instead, Defendants failed to prevent illegal drugs from entering the facility where Mr. Marler was housed. Defendants' actions of deliberate indifference and/or negligence permitted illegal drugs to enter their facility and Mr. Marler died as a result.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983, pursuant to the Fourteenth Amendment to the United State Constitution, and 42 U.S.C. § 1988. Jurisdiction is founded on 28

U.S.C. §§ 1331, 1332, and 1343, and the aforementioned statutory and constitutional provisions. Plaintiff invokes supplemental jurisdiction over claims under state constitutional and statutory law pursuant to 28 U.S.C. § 1367.

### PARTIES

### Plaintiffs

3.     **CHANTELLE MARIA MARLER**, **Individually and on behalf of her minor child**, **H.L.M.**, a citizen of the United States and is domiciled in Pineville, Louisiana and who is the wife of the decedent, Jason Darren Marler. H.L.M. is a minor citizen of the United States and is domiciled in Pineville, Louisiana and who is the daughter of the Decedent, Jason Darren Marler.

### Defendants

4.     **MARK WOOD**, in his individual and official capacity as Sheriff of Rapides Parish, is an adult citizen of the State of Louisiana and domiciled in the Western District of Louisiana. At all times described herein, he was the Sheriff of Rapides Parish and, as such, was responsible for the hiring, training, supervision, discipline, and control of the deputies under his command, as well as medical personnel. He was responsible for all actions of RPSO staff. He was also responsible for the supervision, administration, policies, practices, customs, and operations of the Rapides Parish Sheriff's Office and its correctional facilities. He was and is a final policy maker. He is liable both directly and vicariously for the actions alleged herein.

5.     **RPSO DEPS. JOHN/JANE DOES 1-10**, in their individual and official capacities as Rapides Parish Sheriff's Deputies, are adult citizens of the State of Louisiana and, on information and belief, are domiciled in the Western District of Louisiana. At all pertinent times, defendants **JOHN/JANE DOES 1-10** were employed by RPSO as correctional officers assigned to Rapides Parish Detention Center. On information and belief, defendants **JOHN/JANE DOES 1-10** failed

to monitor the area where Jason Marler was housed and failed to prevent illegal drugs from entering the facility, thereby permitting Mr. Marler to ingest fentanyl leading to his death.

6.    **UNKNOWN MEDICAL SERVICE PROVIDER** was at all pertinent times the entity with which the Rapides Sheriff's Office contracted to provide medical and mental health services to prisoners at the Rapides Parish Detention center. **MEDICAL SERVICE PROVIDER** was responsible to provision of all staffing, training, supervision, policies, and procedures for all medical and mental health personnel at RPDC.

7.    **MEDICAL STAFF MEMBERS JOHN/JANE DOES 11-20**, in their individual and official capacities as employees of **MEDICAL SERVICE PROVIDER**, are adult citizens of the State of Louisiana and, on information and belief, are domiciled in the Western District of Louisiana. At all pertinent times, defendants **JOHN/JANE DOES 11-20**, were employed by **MEDICAL SERVICE PROVIDER** as medical professionals assigned to RPDC. On information and belief, defendants **JOHN/JANE DOES 11-20** were the source of the illegal drugs ingested by Marler and which ultimately resulted in his death.

8.    **RAPIDES PARISH** is a duly incorporated under the laws of the State of Mississippi, and can be served through Donna S. Kraft, County Administrator for the Board of Supervisors for Yazoo County, Post Office Box 1106, 211 E. Broadway, Yazoo City, Mississippi 39194 or wherever he may be found.

## FACTUAL ALLEGATIONS

9.    On or about July 10, 2021, Jason Marler was arrested and booked into RPDC's custody.

10.    Illegal drugs and contraband were routinely brought into the facility at RPDC and used by inmates. All Defendants were aware of this problem but failed to prevent illegal drugs from being brought into their facility.

11.    As a result of Defendants' failures, Mr. Marler was allowed to obtain illegal drugs specifically containing fentanyl while housed as an inmate.

12.    Alternatively, one or more of the deputies **JOHN/JANE DOES 1-10** brought illegal drugs into RPDC and/or assisted in bringing them into RPDC.

13.    Alternatively, visitors or incoming inmates were able to bring illegal drugs into RPDC.

14.    Alternatively, one or more of the **MEDICAL STAFF MEMBERS JOHN/JANE DOES 11-20** brought illegal drugs in to RPDC and/or assisted in bringing them into RPDC.

15.    One or more of the deputies **JOHN/JANE DOES 1-10**, were responsible for searching and screening newly arrested inmates prior to the inmates being placed among other inmates at the RPDC. One or more deputies **JOHN/JANE DOES 1-10** failed to adequately screen the inmate who introduced the fentanyl or fentanyl laced drugs in the facility on or about August 11, 2021. Alternatively, one or more deputies **JOHN/JANE DOES 1-10** intentionally permitted inmates to bring fentanyl or fentanyl laced drugs into the facility. These actions show a deliberate indifference to the risk of harm contraband and drugs could cause inside the institution.

16.    One or more of the deputies **JOHN/JANE DOES 1-10** were responsible for searching and screening the facility's support staff prior to the support staff having access to inmates at the RPDC. One or more deputies **JOHN/JANE DOES 1-10** failed to adequately screen the support staff who introduced the fentanyl or fentanyl laced drugs into the facility on or about August 11, 2021. Alternatively, one or more deputies **JOHN/JANE DOES 1-10** intentionally permitted the staff to introduce the fentanyl or fentanyl laced drugs into the facility. These actions show a deliberately indifference to the risk of harm contraband and drugs could cause inside RPDC.

17.    A video surveillance system covered the area near the cell where Jason Marler was housed and ingested the fentanyl-laced substance on August 11, 2021.

18. One or more deputies **JOHN/JANE DOES 1-10** were assigned to monitor the video surveillance system covering Mr. Marler's cell. These deputies were supposed to notify security staff whenever they observed a problem in the area, such as inmates using drugs.

19. On August 11, 2021, these deputies failed to monitor the video feed and failed to alert security staff to the problem obviously unfolding in Mr. Marler's area. Defendants were deliberately indifferent to Mr. Marler's safety.

20. One or more deputies **JOHN/JANE DOES 1-10** were assigned to monitor Mr. Marler's cell. These deputies failed to monitor and control the area in which Marler was housed. Defendants were deliberate indifferent to Mr. Marler's need for protection from harm, including self-harm.

21. As a direct result of Defendants' deliberate indifference and/or negligence, Jason Marler was found unresponsive in his cell on August 11, 2021, at approximately 0730, after he ingested fentanyl or fentanyl laced illegal drugs.

22. Mr. Marler was later transferred to Rapides Regional Medical Center (RRMC) via ambulance and arrived at RRMC at 0835. Mr. Marler was admitted to the ICU where he remained until his death on August 14, 2021.

23. Defendant, Sheriff **MARK WOOD** implemented unconstitutional policies and practices that directly caused the rights afforded by the Fourteenth Amendment of United State Constitution of inmates at RPDC, including Jason Marler, to be violated.

24. Defendant, **MARK WOOD** had knowledge that illegal drugs were being brought into his facility and that the presence of illegal drugs in the facility posed an unreasonable risk of harm to the inmates, including Jason Marler.

25. Despite this knowledge, Defendant, **MARK WOOD** failed to implement effective policies, and failed to properly train and supervise his deputies and employees on how to prevent

illegal drugs from entering the facility. This failure subjected inmates to an unsafe place of detention and deprived them of their rights to due process.

26.     Moreover, Sheriff **MARK WOOD** failed to properly monitor and supervise the inmates housed in his facility to prevent them from introducing and disseminating illegal and deadly substances to other inmates. These unconstitutional policies and procedures and failure to train and/or supervise proximately caused Jason Marler's death.

27.     Defendant, Sheriff **MARK WOOD** knew these conditions created an unconstitutional risk of harm, yet he failed to take adequate steps to remedy these deficiencies.

28.     Defendant, Sheriff **MARK WOOD** knew or should have known that allowing illegal drugs to be introduced into the facility endangered inmates. Defendant **WOOD** failed to take steps to alleviate the risk caused by the failure to prevent illegal drugs from being introduced into the RPDC facility. His failure to implement policies and practices that would prevent illegal drugs from being introduced into the facility exhibits his deliberate indifference and/or negligence, and thereby created an unconstitutional risk of harm to inmates and their safety, including Jason Marler.

29.     Defendant, Sheriff **MARK WOOD** is ultimately responsible for hiring, training, supervision and retaining all employees at the RPDC. He is responsible for all policies and procedures at RPDC.

30.     Defendant, Deputies **JOHN/JANE DOES 1-10** are each persons who had the responsibility and duty to monitor, intervene, and prevent misconduct, including consumption of illegal drugs, in Jason Marler's area on August 11, 2021. Each of these defendants failed in their duty to Mr. Marler, exhibiting deliberate indifference and/or negligence, and thereby creating an unconstitutional risk of harm to inmates and their safety, including Jason Marler.

31.    The risk of harm or death imposed upon Jason Marler was obvious and must have been or should have been known to Defendants, yet all Defendants named herein failed to take corrective measure to remedy the risks of harm or death. The Defendants' failures demonstrate a deliberate indifference to the safety and wellbeing of inmates at RPDC, including Jason Marler, and constitute reckless and negligent behavior.

32.    As a result of the above-described actions, Defendants are jointly and in solido liable for the death of Jason Marler.

## FIRST CAUSE OF ACTION

33.    Plaintiffs reaver and re-allege each and every allegation of this Complaint.

34.    Defendants, acting individually and together, and under color of law, engaged in a course of conduct and conspired to engage in a course of conduct that acted to deprive Jason Marler of his constitutional rights and did deprive him of said rights, specifically, the right to a reasonably safe and secure place of detention, the right to be free from cruel and unusual punishment, and the right to due process and equal protection of the laws as protected by the Fourteenth Amendment and Article IV of the United States Constitution and 42 U.S.C. § 1983.

35.    At all times pertinent herein, Defendants, acting individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the constitutional and civil rights and life and serious medical needs of the deceased, Jason Marler.

36.    Defendants' actions were reckless, willful, wanton, and/or malicious.

37.    Defendants, individually and collectively, had the duty and ability to intervene to prevent the violations of the rights of Jason Marler, deceased, described herein, but failed to do so.

38.    Plaintiff further alleges that such acts as alleged herein were the proximate cause and cause in fact of the injuries sustained and the death of Jason Marler and the damages incurred thereby.

## SECOND CAUSE OF ACTION

39.    Plaintiffs reaver and re-allege each and every allegation of this Complaint.

40.    Defendant Sheriff **MARK WOOD** established, condoned, ratified, and encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of the deceased, as alleged herein, and the damages and injuries described herein, in violation of the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983. He did so with deliberate indifference to the rights of detainees and Jason Marler at the RPDC facility.

41.    These written and unwritten policies, customs, patterns and practices include but are not limited to:

    a.  Inadequate monitoring of areas where inmates are housed;

    b.  Inadequate, improper, and unreasonable screening, monitoring and supervision of inmates, staff, and visitors who may introduce deadly illegal substances into the facility;

    c.  Hiring of inadequately trained and inexperienced persons to screen and monitor persons in custody of RPDC;

    d.  Inadequate hiring, training, and supervision of deputies and supervisors responsible for the observation and monitoring of detainees and the identification and communication of problems to appropriate personnel;

    e.  Inadequate quality control of policies, procedures, and practices and inadequate identification and correction of serious deficiencies in policies and practices affecting the delivery and quality of medical and psychiatric services; and

f.   Inadequate policies and procedures to prevent (1) illegal drugs from being brought
into the facility; (2) sales of illegal drugs; and (3) consumption of illegal drugs.

42.    At all times pertinent herein Defendants acted unreasonably and with deliberate
indifference and with disregard for the constitutional and civil rights to life and safety of the
deceased, Jason Marler. The actions of Defendants were malicious, willful, wanton and reckless.

43.    Plaintiff further alleges that such acts and omissions as alleged herein were the proximate
cause and cause in fact of the death of Jason Marler, the injuries suffered by Plaintiff, and the
damages incurred.

## THIRD CAUSE OF ACTION

44.    Plaintiff reavers and re-alleges each and every allegation of this Complaint.

45.    The supplemental jurisdiction of the Court is invoked for all claims under state law.

46.    At all times described herein, Defendants, individually and collectively, acted negligently,
with gross negligence and/or intentionally in denying reasonable and necessary medical care to
Jason Marler, failing to properly monitor him, confining him in unsafe, unreasonable, and
dangerous conditions that provided him with access to material with which to harm himself, and
in inflicting physical injury and severe emotional, mental, and physical pain and suffering upon
him, in violation of Louisiana constitutional and statutory law.

47.    The actions and inactions of Defendants proximately caused the wrongful death of Jason
Marler. At all pertinent times Defendant employees of the RPDC and Defendant employees of
**MEDICAL SERVICE PROVIDER** were acting in the course and scope of their employment
and Defendant Sheriff **WOOD**, in his official capacity, and/or **MEDICAL SERVICE
PROVIDER** are vicariously liable for the injuries and damages incurred as a result of their actions.
For Defendant, **MEDICAL SERVICE PROVIDER**, this respondeat superior liability extends

also to constitutional torts committed by its employees in the course and scope of their employment.

48.    All Defendants named herein are liable for the wrongs complained of herein by virtue of encouraging, aiding, abetting, counseling, ratifying and condoning the commission of the afore-described acts, by their failure to properly administer, organize, and staff the correctional program and for the failure to properly screen, hire, train, and supervise persons under their supervision and control whose acts and omissions contributed to the death of Jason Marler.

49.    Defendants are liable individually and jointly for their actions as alleged herein.

50.    Plaintiffs further allege that the above-described actions and omissions were the proximate cause and cause in fact of the injuries sustained herein.

## DAMAGES

51. As a result of the actions of Defendants, the damages have been incurred as follows:

a.    The deceased, Jason Marler, suffered conscious and severe physical, mental, and emotional distress, pain, and suffering prior to his death, and lost his life.

b.    H.M., the minor child of Jason Marler, suffered emotional pain and suffering, past, present, and future; loss of support; and has suffered the loss of love, affection, and companionship of her father, Jason Marler.

c.    Chantelle Marler, wife and now widow of Jason Marler, suffered emotional pain and suffering, past and present, loss of support, and has suffered the loss of love, affection and companionship of her husband, Jason Marler.

## PRAYER FOR RELIEF

52.    **WHEREFORE**, Plaintiffs pray that after due proceedings there be judgment rendered herein in Plaintiff's favor and against all Defendants individually and jointly, as follows:

a.  Compensatory and punitive damages as prayed for herein;

b.  Reasonable attorney's fees, as provided in 42 U.S.C. § 1988, and all costs of these proceedings

    and legal interest;

c.  All other relief as appear just and proper to this Honorable Court.


                              Respectfully submitted,

                              **THE TOWNSLEY LAW FIRM**


                      By:     _/s/ D. GRANT CASTILLLO_
                              TODD A. TOWNSLEY (#21095)
                              **D. GRANT CASTILLO** (#39833)
                              3102 Enterprise Boulevard
                              Lake Charles, LA  70605
                              Tel. (337) 478-1400
                              Fax (337)478-1577


**PLEASE SERVE:**

**SHERIFF MARK WOOD,**
**RPSO DEPS. JOHN/JANE DOES 1-10,**
**UNKNOWN MEDICAL SERVICE PROVIDER, AND**
**MEDICAL STAFF MEMBERS JOHN/JANE DOES 11-20**
**THROUGH:**
**RAPIDES PARISH SHERIFF'S OFFICE**
**701 MURRAY STREET, SUITE 300**
**ALEXANDRIA, LA 71301**