## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| CHANTELLE MARIA MARLER | CIVIL ACTION NO. 22-2460 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| MARK WOOD ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM RULING

Jason Marler ("Marler") had a history of substance abuse, and early one morning in August 2021, he obtained a narcotic substance and chose to ingest it. Record Document 1 at 5; Record Document 51-1 at 1. Tragically, the narcotic Marler consumed had contained fentanyl, and it caused him to suffer a medical emergency. Salard's Dep. 52, Record Document 51-3; Record Document 51-4 at 5. Marler succumbed three days later. Record Document 51-4 at 5.

When Marler consumed a narcotic for the last time, he happened to have been detained in the Rapides Parish Detention Center ("Detention Center") under Sheriff Mark Wood ("Sheriff Wood"). Record Document 1 at 1; Record Document 51-1 at 1. After Marler's unfortunate death, his wife ("Mrs. Marler") filed this complaint under 42 U.S.C. § 1983 and alleged that Sheriff Wood violated the Fourteenth Amendment when he purportedly failed to provide "a reasonably safe and secure place of detention." Record Document 1 at 7. The complaint also asserted a negligence cause of action under state law. *Id.* at 9. However, because Marler voluntarily ingested the fentanyl laced narcotic, the Court grants summary judgment.

1

Federal Rule of Civil Procedure 56(a) requires a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When the burden at trial will rest on the nonmovant, the movant need not produce evidence to negate the elements of the nonmovant's case; rather, it need only point out the absence of supporting evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant satisfies its initial burden, the nonmovant must demonstrate a genuine dispute exists by "going beyond the pleadings" and "designating specific facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). This burden requires more than metaphysical doubt, conclusory or unsubstantiated allegations, or a mere scintilla of evidence. *Id.*

To begin, the Court considers whether Sheriff Wood violated a constitutional right of Marler who had been held as pre-trial detainee. Record Document 1, at 1; *see also* Record Document 51-1, at 1. The United States Court of Appeals for the Fifth Circuit has explained that "[t]he constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment." *Est. of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456, 462 (5th Cir. 2015). A pretrial detainee can assert a Fourteenth Amendment violation "under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Id.*

In this case, although unclear, Mrs. Marler appears to rely on an episodic act or omission theory. *See, e.g., Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 792 (5th Cir.

2020) (holding that pretrial detainee's death from drug overdose should have been analyzed as an episodic act or omission claim); *Sims v. City of Jasper, Tex.*, 117 F.4th 283, 289 (5th Cir. 2024) (treating pretrial detainee's death from drug overdose as an episodic act or omission claim). Although cast in broad terms and sometimes referencing a "condition of confinement," Mrs. Marler's complaint and briefing focuses on the one-time failure of Detention Center staff to intercept and otherwise prevent Marler from obtaining and ingesting a fentanyl laced narcotic. *See, e.g.*, Record Document 66, at 1-2 ("Sheriff Wood's deliberate indifference…caused Jason Marler to die from an overdose on August 11, 2021."). Accordingly, the Court will assess Mrs. Marler's Fourteenth Amendment claim as an episodic act or omission.

As an episodic act or omission claim, an official "violates a pretrial detainee's constitutional right to be secure in his basic human needs only when the official had 'subjective knowledge of a substantial risk of serious harm' to the detainee and responded to that risk with deliberate indifference." *Est. of Henson*, 795 F.3d at 464. Stated differently, the official "must know of and disregard an excessive risk to inmate health and safety." *Id.*

Even where a substantial risk of serious harm exists, however, the Fourteenth Amendment "does not address injury caused by an inmate's voluntary acts." *See Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (considering an Eighth Amendment claim); *see also Hare v. City of Corinth, Miss.*, 74 F.3d 633, 648 (5th Cir. 1996) (explaining "pretrial detainees may have more protections or rights in

3

general…[but that] does not mean that they are entitled to greater protection of rights shared in common with convicted inmates.").

In *Legate v. Livingston*, the Fifth Circuit held that there is no underlying constitutional violation where an inmate willingly ingested drugs that caused his injury. 822 F.3d at 211. There, the inmate had voluntary participated in a communal pipe-smoking ceremony as part of his religion and later contracted Hepatitis from the practice. *Id.* at 209. In rejecting the inmate's claim of a constitutional violation, the Fifth Circuit reasoned: "[a]lthough this circuit has not considered an Eighth Amendment claim involving voluntary conduct, circuits that have addressed the issue have held that a prisoner cannot establish a violation where he willingly participates in the conduct giving rise to his injury." *Id.* at 210. The Fifth Circuit concluded that because the inmate "voluntarily participated in the pipe-smoking ceremony based on his personal religious tenets, [he] has failed to state a claim for relief under the Eighth Amendment." *Id.* at 211.

Since *Legatee*, at least two district courts in the Fifth Circuit have found no violation of a constitutional right where the inmate died after voluntarily ingesting narcotics. *See, e.g.*, *Williams v. Jefferson Parish*, No. 22-3971, 2026 WL 817263, at *2 (E.D. La. Mar. 25, 2026) (holding no constitutional violation occurred where "[t]here is no dispute that [inmate] willingly ingested the drugs that led to his overdose. He cannot claim that the mere fact that drugs were smuggled into the prison somehow incapacitated him from exercising 'ordinary responsibility for his own welfare.'"); *Miss. v. Rinehart*, No. 15-77, 2016 WL 4703516, at *6 (N.D. Miss. Sept. 7, 2016)

4

(finding no constitutional violation where "the Decedent is alleged to have voluntarily participated in the ingestion of drugs based on his lifelong poly-substance abuse.").

Here, Mrs. Marler does not dispute that her husband voluntarily ingested the fentanyl that killed him. In her complaint, she admits that Marler had a "substance abuse problem" and that the Detention Center staff found Marler unresponsive "after he ingested fentanyl or fentanyl laced illegal drugs." Record Document 1, at 5; Marler's Dep. 45, Record Document 67-5. Although unquestionably tragic, Marler's death does not represent a constitutional violation because it resulted from his voluntary choice to willingly ingest a narcotic. The state law negligence claim fails for the same reason. *Abshure v. Prator*, 392 F. App'x 267, 270 (5th Cir. 2010) ("Under Louisiana law, law enforcement officials are not liable for injuries attributable to the prisoner's own willful act.") (internal quotations omitted); *see, e.g.*, *Williams*, 2026 WL 817263, at *3 (dismissing negligence claim for inmate who voluntarily ingested narcotics).

In opposing summary judgment, Mrs. Marler attempted to establish a constitutional violation notwithstanding his voluntary ingestion of narcotics and argued that the Detention Center staff failed to provide her husband adequate medical care after he overdosed. *See* Record Document 66, at 6-7; *see, e.g.*, *Miller v. LeBlanc*, No. 21-353, 2024 WL 5717949, at *5 (M.D. La. Dec. 18, 2024) (noting that *Legatee* "did not forbid all Eighth Amendment claims stemming from voluntary conduct…" and permitting a claim for an official's "alleged failure to take appropriate action after this event occurred.").

However, as Sheriff Wood argued, Mrs. Marler did not plead this claim in her complaint or in her amended complaint. *See generally* Record Document 1, at 5, 8-9. As such, the claim that the Detention Center staff rendered Marler inadequate treatment is not properly before the Court and cannot be used to survive summary judgment. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

For the foregoing reasons, the Court grants the pending motion for summary judgment and dismisses with prejudice all claims arising in this action.

**DONE AND SIGNED** at Shreveport, Louisiana, this 29th day of April, 2026.

 

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE